THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*v.*

ANNIE KENNEDY-CAHILL.

*Filed at Ottawa January 19, 1897—Rehearing denied March 12, 1897.*

1. APPEALS AND ERRORS—*whether defendants were jointly negligent is a question of fact.* Whether there was evidence fairly tending to show negligence on the part of one of two joint defendants in a suit for personal injury is a question of fact for the jury, and is conclusively settled by the affirmance of the Appellate Court.

2. EVIDENCE—*of plaintiff's health before and after injury is admissible.* In a suit against a railroad company for a personal injury, the testimony of plaintiff's associates as to her appearance, health, disposition, etc., before and after the injury, is admissible, to be considered with the other evidence.

*West Chicago Street Railroad Co.* v. *Cahill*, 64 Ill. App. 539, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

EGBERT JAMIESON, JOHN A. ROSE, and D. W. MUNN, for appellants.

DAVID J. WILE, for appellee.

Per CURIAM: This is an action by Annie Kennedy Cahill to recover damages for personal injuries alleged to have been sustained by reason of the joint negligence of the West Chicago Street Railroad Company and the North Chicago Street Railroad Company. The declaration alleges that on the 18th day of February, 1893, the plaintiff became a passenger on one of the defendant the West Chicago Street Railroad Company's Halsted street cars, and that when the car reached the southern end of the viaduct at Halsted and Sixteenth streets, the servants of said company negligently stopped the car and invited the plaintiff to alight, and while the plaintiff, relying upon such invitation, was attempting to alight therefrom, "the defendant the North Chicago Street Railroad Company, by its servants, negligently ran against the plaintiff with a north-bound car, and thereby caught the plaintiff between said north-bound car and the one from which said plaintiff was attempting to alight, in consequence of which the plaintiff was crushed between the two cars." At the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at the sum of $2000. On appeal to the Appellate Court that judgment has been affirmed.

No error is assigned upon the giving or refusal of instructions, and no objection was made to the evidence offered upon the trial explanatory of the circumstances under which the accident occurred, nor is it claimed that there is no evidence tending to support the allegations of the declaration as to the negligent or wrongful acts of the servants of the defendant the West Chicago Street Railroad Company. It is, however, said that there is no evidence of negligence on the part of the North Chicago Street Railroad Company, and it is insisted that the judgment against the *two* defendants, jointly, was therefore erroneous. We do not regard the question as to whether there was any evidence fairly tending to show negligence on the part of the North Chicago Street Railroad Com-

pany as presented to this court for decision. The case was submitted to the jury upon all the facts and instructions given on behalf of the defendants, and its finding and the judgment of affirmance in the Appellate Court conclusively settle that as well as all other controverted questions of fact in the case. But if it were otherwise, it cannot be said that there is no evidence tending to prove, or from which it can be fairly inferred, that the driver on the North Chicago Street Railroad Company's car was not guilty of negligence in failing to see the plaintiff and stop his car in time to avoid the accident.

The only attempt to raise a question of law in this court is upon the ruling of the court in the admission of testimony. Certain witnesses who lived in the same house with the plaintiff, or were intimate associates, were asked questions, in substance, as to her appearance of health and disposition before and after the injury, and were allowed to answer, over the objection of counsel for the defendants. The evidence showed that she was injured to a greater or less extent at the time of the accident, that she was confined to her bed for several weeks thereafter in consequence of those injuries, and that she ultimately went to a hospital and was there treated for sickness which she claimed was occasioned by the injury received. It was a question for the jury whether the subsequent sickness was caused by that injury or resulted from other causes, and we are unable to see why her appearance before and after the injury was not relevant to that issue, to be given such weight as the jury might think it entitled to. No authority is cited by counsel in support of the contention that the testimony is incompetent, and we find no error in this regard.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*